## TERTIEGAS et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
March 4, 1929.

No. 5597.

William Edens and C. M. Jeffery, both of Pocatello, Idaho, and T. J. Riordan and Leo Collins, both of San Francisco, Cal., for appellants.

H. E. Ray, U. S. Atty., and Sam S. Griffin and William H. Langroise, Asst. U. S. Attys., all of Boise, Idaho.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

RUDKIN, Circuit Judge. This is an appeal from a judgment of conviction under the National Prohibition Act (27 USCA). The second count of the information charged in general terms that on the 27th day of February, 1928, the appellants did willfully, knowingly, and unlawfully sell five drinks of intoxicating liquor, commonly called moon-

shine whisky, without naming the purchaser or otherwise describing the offense. On March 21, 1928, the appellants entered a plea of not guilty, and the case was set for trial on the afternoon of March 23. Before the trial the appellants interposed a motion for a continuance on the ground of the absence of material witnesses.

In support of this motion their joint affidavit was filed, stating that one Myron Gibbs, if present, would testify, in substance, that he was acquainted with a Mr. Edmund, who on the 27th day of February, 1928, was acting as an under cover agent; that he went with Edmund to the Utah Confectionery, in the Utah Apartments, at Lava Hot Springs, Idaho; that he remained with Edmund in that place until they both left the premises; that Edmund did not purchase intoxicating liquor as described in count 2 of the information while there, and that at that time no intoxicating liquor was available to be seen on the premises; that this was the only occasion on which he was at the premises with Edmund; that the witness would further testify that, when they went to the premises, Edmund was intoxicated to such an extent that he would not be likely to remember what took place at the time; that one Sadie Girton, if present, would testify that she was at Lava Hot Springs all day and night on February 27, 1928, visiting with Mary Tertiegas, one of the appellants; that she was in the confectionery store known as Utah Confectionery on that day; that she was introduced to Mr. Edmund by Mr. Gibbs; that she saw Edmund in the confectionery twice on that day, and talked with him, and that while in the confectionery he did not purchase any intoxicating liquor or other drinks, but that while there some of the parties with him purchased soft drinks for all persons present; that the foregoing evidence was material, for the reason that the appellants were informed that Edmund intended to testify that on the occasion referred to he purchased intoxicating liquor from the two appellants and one Cutros.

The motion for a continuance was denied, and after a verdict of guilty the appellants filed a motion for a new trial, supported by an affidavit of Mary Tertiegas, one of the appellants, stating that on March 24, 1928, while the jury was deliberating in said cause, she overheard a government witness named Cates talking with the bailiff in charge of the jury; that Cates was talking in a very loud voice, plainly audible within the ladies' rest room, and plainly audible within the jury room, where the jury was deliberating;

that at that time Cates, standing in front of the jury room door and addressing the bailiff, said, "Why, they even got on the witness stand and tried to make out that Edmund and I were liars;" that Cates discussed other features of the evidence with the bailiff until the affiant came out of the rest room, and then the witness ceased his loud and boisterous talking. The bailiff was called as a witness in rebuttal, and testified that the conversation referred to took place more than 30 feet from the jury room, and was carried on in an ordinary tone of voice; that the conversation referred to another case on trial, and not to the case in which the jury was deliberating; that he was ordinarily stationed just outside of the jury room door, and while there could not hear what was going on in the jury room, unless the conversation was very loud, and that the conversation between Cates and himself could not be heard by the jury.

The motion for a new trial was denied, and the denial of the motion for a continuance and the motion for a new trial is assigned as error. Counsel concede that both motions were addressed to the sound discretion of the trial court, and that the rulings are not reviewable, unless an abuse of discretion is shown. We find no abuse of discretion in either ruling.

As to the motion for a continuance, we do not think that due diligence was shown. The affidavit for continuance stated that, immediately after the case was set for trial, the appellants visited the residences of the two witnesses, the one at Pocatello, Idaho, the other at Topaz, Idaho, to ascertain whether they would be available on the date of the trial, and discovered at that time that both witnesses were absent from the district of Idaho and in the state of Utah; the one at Cache Valley, the other at Ogden. But on the trial of the action the appellant Gus Tertiegas testified that he was mistaken in this, that he interviewed both witnesses in the district of Idaho after the case was set for trial, and that he knew of no reason why subpœnas might not have been served upon them. The other appellant testified that her husband was mistaken in this regard; that the witnesses were interviewed after the date fixed for the preliminary examination, not after the case was set for trial before the jury, and that her husband was confused by the two trial dates. This explanation is far from satisfactory. The husband fixed the date of the interviews, not only by reference to the date set for the trial, but also by reference to the time his testimony was given in open court, stating that the interviews took

place on the preceding Wednesday or Thursday, which was after the case had been set for trial. For this reason, we are of opinion that both witnesses could have been subpœnaed, if due diligence had been exercised, and that there was no error in denying the first motion.

There was a direct conflict in the testimony on the question of misconduct within the hearing of the jury, and the ruling of the trial court, based on such conflict, will not be disturbed.

The judgment is affirmed.